## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D.J. EISENBERG,<br>700 12th Street, N.W., Suite 700<br>Washington, DC 20005,<br><br>　　Petitioner,<br><br>v.<br><br>WEST VIRGINIA OFFICE OF<br>　DISCIPLINARY COUNSEL,<br>　a.k.a., Office of Lawyers Disciplinary<br>　Counsel, "OLDC",<br>4700 MacCorkle Avenue, SE Suite 1200 C<br>Charleston, WV  25304<br><br>RACHAEL L. FLECHER CIPOLETTI,<br>Chief Disciplinary Counsel, OLDC,<br>4700 MacCorkle Avenue, SE Suite 1200 C<br>Charleston, WV  25304<br><br>　　And<br><br>JESSICA H. DONAHUE RHODES,<br>Lawyer Disciplinary Counsel, OLDC<br>4700 MacCorkle Avenue, SE Suite 1200 C<br>Charleston, WV  25304<br><br>　　Respondents. | Civil Action No. |

## COMPLAINT

### NATURE OF ACTION

This action is brought for violations of 18 U.S.C. §§ 876 and 2261A(2)(B), and the Supremacy Clause of the United States Constitution by the Respondents.

### JURISDICTION AND VENUE

1. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1331, which vests district courts with original jurisdiction of all civil actions arising under the Constitution, federal laws or treaties of the United States.

2. Proper venue is laid in this Court pursuant to 28 U.S.C. § 1391(c)(2), as that is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## PARTIES

3. Petitioner, Michael D.J. Eisenberg, is a solo-practitioner attorney based in Washington, DC.

4. Respondent West Virginia Office of Lawyer Disciplinary Counsel (the "OLDC") is the WV State government agency named in its official capacity.

5. Respondent Rachael L. Fletcher Cipoletti is the Chief Disciplinary Counsel of the OLDC and is a named in both her Personal Capacity and Official Capacity.

6. Respondent Jessica H. Donahue Rhodes is a Lawyer Disciplinary Counsel of the West Virginia OLDC and is a named in both her Personal Capacity and Official Capacity.

## FACTUAL ALLEGATIONS

7. Prior to May 21, 2019, Petitioner was contacted by a West Virginian resident for a matter involving a federal agency.

    a) WV OLDC Docket # 19-05-198.

8. At the time, Petitioner was in Washington, D.C. where his office was located and where all letters and e-mail communications were sent.

9. Prior to May 21, 2019, Petitioner appeared *only* before a federal agency located in West Virginia on behalf of the West Virginian resident.

10. Petitioner never appeared before any West Virginia state agency, state court or federal court.

11. On or about May 21 and May 23, 2019, Respondent Rhodes contacted Petitioner to inform him that the West Virginian Resident and her spouse (collectively "West Virginian [WV] Resident") had, individually filed a complaint with OLDC against Petitioner.

12. Petitioner inquired with Respondent Rhodes about how the West Virginia OLDC had any jurisdiction over Petitioner's activities that only involved matters before a federal agency.

13. Petitioner is not, and was never, a member of the West Virginia State Bar.

14. Respondent Rhodes responded with correspondence case law that supported her alleged position. See *State Ex Rel. York v. W.Va. Office of Disc. Counsel*, 213 W.Va. 183, 744 S.E.2nd 293 (2013).

15. Petitioner reviewed this case (and cases cited within) and advised Respondent Rhodes that the cases do not apply as:

    a) Petitioner does *not* maintain an office in West Virginia;

    b) Petitioner does *not* regularly conduct business in West Virginia;

    c) Petitioner does *not* practice Patent Law\*\* in West Virginia, and;

    *\*\*Note Congress provides practice before the Patent and Trademark Office as an exception (not the norm) in allowing state agencies to regulate people who appear before federal agencies.*

    d) Petitioner does *not* practice in West Virginia agencies, state or federal courts.

16. Respondent Rhodes merely repeated Rule 8.5 of the West Virginia Rules of Professional Conduct ("Rule 8.5"), did not comment or reply to Petitioner's substantive discussion and asked for Petitioner's cooperation.

17. From on or about September 30, 2019 onward, Petitioner contacted Respondent Cipoletti at the OLDC to explain the situation summarily, discussing the case law and facts.

18. Petitioner also included letters he had sent to Respondent Rhodes earlier.

19. On or about October 2, 2019, Petitioner reminded Respondent Cipoletti that this matter falls under <u>Sperry v. Florida, 373 U.S. 379, 83 S. Ct. 1322 (1963)</u>.

20. Respondent Cipoletti also repeated Rule 8.5 and did not comment or reply to Petitioner's substantive discussion.

21. Concurrently, Petitioner asked for Respondents' position for filing (the concurrently filed) preliminary injunction.

22. Respondent Cipoletti only stated how could she provide her position when she had yet received the "injunction", which was not what Petitioner asked.

23. OLDC's ordered Petitioner provide a response to the complaint(s) by October 18, 2019.

24. Petitioner has not been provided any substantive position by Respondents on this filing.

## CLAIM FOR RELIEF

25. Petitioner re-alleged and incorporates by reference the allegations contained in paragraph 1 through 24 above, as if fully set forth herein.

26. Petitioner asserts that the Respondents' alleged claim for violation of West Virginia Rules of Professional Conduct is arbitrary, capricious, contrary to federal law, and unsupported by substantial evidence.

27. Pursuant to 18 U.S.C. §§ 876 and 2261A(2)(B), Respondents may be held liable for harassing and intimidating Petitioner by mailing threatening communications and causing substantial emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays this Court enter judgment in favor for the Petitioner as follows:

28. Ordering Respondents from continuing to harass Petitioner with their mail and electronic communications.

29. Declaring that Respondents do not have jurisdiction over Petitioner's activities before the Federal Government in West Virginia.

30. Ordering Respondents to dismiss their alleged case with prejudice, in the alternative, staying their alleged "investigation" pending briefing on the merits of jurisdiction.

31. Granting Petitioner's Motion for Preliminary Injunction, concurrently filed with this Complaint.

32. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Michael D.J. Eisenberg
*Pro Se*
D.C. Bar No. 4686251
Law Office of Michael D.J. Eisenberg
700 12th Street, N.W., Suite 700
Washington, DC 20005
O: (202) 558 - 6371
F: (202) 403 - 3430
**E-mail: Michael@Eisenberg-Lawoffice.com**