## IN THE UNITED STATES DISCTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL D.J. EISENBERG,

      Plaintiff,                                            Case: 1:19-cv-03006-ABJ

v.

WEST VIRGINIA OFFICE OF DISCIPLINARY COUNSEL,
      a.k.a., Office of Lawyers Disciplinary Counsel, *et al.*,

      Defendants.

### MEMORANDUM IN SUPPORT OF DEFENDANTS'
### MOTION TO DISMISS AMENDED COMPLAINT

## I.     INTRODUCTION

Defendants West Virginia Office of Disciplinary Counsel a.k.a Office of Lawyers Disciplinary Counsel ("OLDC"), Rachael L. Flecher Cipoletti, Chief Disciplinary Counsel OLDC, and Jessica H. Donahue Rhodes, Lawyer Disciplinary Counsel OLDC, submit this memorandum in support of their motion to dismiss Plaintiff Michael D.J. Eisenberg's amended complaint. Eisenberg's amended complaint is barred by the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). First, the disciplinary proceedings against Eisenberg constitute ongoing judicial proceedings. Second, the Supreme Court has expressly identified state attorney disciplinary proceedings as exactly the type of civil enforcement proceedings that involve vital state interests because disciplinary proceedings bear a close relationship to criminal proceedings. Third, the disciplinary proceedings and any direct appeals allow for effective adjudication of Eisenberg's claim under the Supremacy Clause. Moreover, Eisenberg has not sufficiently alleged a bad faith exception to *Younger* abstention.

In addition, to the extent Eisenberg attempts to establish civil liability against Defendants, they are absolutely immune under the Eleventh Amendment and West Virginia Rule of Lawyer Disciplinary Procedure 2.7. Therefore, the Court should grant Defendants' motion to dismiss.

## II.   **STATEMENT OF THE CASE**

Eisenberg filed his original complaint and motion for preliminary injunction on October 7, 2019. ECF Nos. 1, 2.  After Defendants filed a motion to dismiss and a response to the motion for a preliminary injunction, ECF Nos. 8, 9, Eisenberg filed an amended complaint. ECF No. 13.

The amended complaint drops reference to alleged criminal statutory violations and alleges instead that Defendants may be held civilly liable to Eisenberg. Specifically, Eisenberg alleges that Rhodes contacted Eisenberg to inform him that a West Virginia couple had filed complaints with the OLDC against him. ECF No. 13 at 3.[1] Eisenberg further alleges that Rhodes sent correspondence with caselaw that supported her alleged position that the OLDC has jurisdiction over Eisenberg's activities in West Virginia, and that Rhodes asked for his cooperation. *Id.* at 3–4.[2] Thereafter, the OLDC ordered Eisenberg to provide a response to the complaints by October 18, 2019. *Id.* at 4.[3] Eisenberg alleges that OLDC's claim for violation of the West Virginia Rules of Professional Conduct is arbitrary, capricious, contrary to federal law, and unsupported by substantial evidence. *Id.* Eisenberg further demands judgment with the following relief (1) Ordering Defendants from continuing to harass Eisenberg with their mail and electronic communications; (2) Declaring that Defendants do not have jurisdiction over Eisenberg's activities before the federal government in West Virginia; (3) Ordering Defendants to dismiss their case with prejudice, in the alternative, staying their investigation pending briefing on the merits of jurisdiction; (4) Granting Eisenberg's motion for a preliminary injunction; and (5) Granting such other relief as the Court deems just and proper.  The amended complaint does not demand monetary damages.  ECF No. 13 at 5.

---

[1] Copies of letters to Eisenberg dated May 21 and 23, 2019 (with enclosures) are under seal at ECF No. 11 Ex. A.
[2] A copy of the letter to Eisenberg dated June 18, 2019 is under seal at ECF No. 11 Ex. B.
[3] A copy of the letter to Eisenberg dated September 24, 2019 is under seal at ECF No. 11 Ex. C.

III.   **DISCUSSION**

A.   **Standard of Decision**

In evaluating a motion to dismiss under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6),[4] the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

1.   **Subject Matter Jurisdiction**

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217  F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a

---

[4] While this Court has held that *Younger* abstention is non-jurisdictional in nature and is appropriately addressed in the context of Rule 12(b)(6), *see Borum v. Brentwood Vill., LLC*, 218 F. Supp. 3d 1, 13 (D.D.C. 2016), this Court has on occasion analyzed *Younger* abstention in the context of Rule 12(b)(1).  *See Yelverton v. Fox*, 997 F. Supp. 2d 1 (2013); *Ford v. Tait*, 163 F. Supp. 2d 57, 67 (D.D.C. 2001).  Accordingly, Defendants move to dismiss pursuant to both Rule 12(b)(1) and 12(b)(6).

federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L.Ed.2d 492 (1982)).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64, 107 S. Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citation omitted), *aff'd*, No. 00-7176, 2001 WL 135857 (D.C. Cir. Jan. 18, 2001); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## 2.   <u>Failure to State a Claim</u>

"To survive a [Rule 12(b)(6) ] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and  "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79, 129 S. Ct. at 1949–50 (citing *Twombly*, 550 U.S. at 555–56, 127 S. Ct. 1955).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S. Ct.

at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Schuler*, 617 F.2d at 608). Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See Kowal*, 16 F.3d at 1276. In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)).

**B.**   **The *Younger* Abstention Doctrine Bars Eisenberg's Amended Complaint.**

Eisenberg's amended complaint is barred by the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). The *Younger* abstention doctrine requires that "except under special circumstances," a federal court should not "enjoin pending state proceedings." *Id.*, 401 U.S. at 41, 915 S. Ct. at 749;[5] *see Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433 102 S. Ct. 2515, 2522, 73 L. Ed. 2d 116 (1982) (extending *Younger* to attorney disciplinary proceedings); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–04, 95 S. Ct. 1200, 1207–08, 43 L. Ed. 2d 482 (1975) (extending *Younger* to pending civil state court proceedings). The *Younger* doctrine, based upon principles of equity and comity, 401 U.S. at 43–44, 915 S. Ct. at 750, precludes federal intervention where three criteria are met: 1) there are ongoing state proceedings that are judicial in nature, 2) the state proceedings implicate important state interests, and 3) the proceedings afford an adequate opportunity to raise the federal claims. *Bridges*, 84 F.3d at 476 (citing *Hoai v. Sun Ref. Mktg. Co.*, 866 F.2d 1515, 1518 (D.C. Cir. 1989)). Extraordinary circumstances may allow a federal court to intervene when the state action was brought in bad faith or where a state statute is flagrantly unconstitutional. *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1126 (citing *Younger*, 401 U.S. at 41, 53–54).

This Court has dismissed several similar actions based on *Younger* abstention.  For example, in *Ford*, the *pro se* plaintiff was an attorney subject to disciplinary proceedings in the District of Columbia. During the disciplinary proceedings, the plaintiff filed a federal action attempting to assert various constitutional claims against the Bar Counsel, Assistant Bar Counsel,

---

[5] While referred to as *Younger* "abstention," the doctrine does not merely postpone a federal court's adjudication of a case, but requires "outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S. Ct. 1689, 1697, 36 L. Ed. 2d 488 (1973). *See also Ford*, 163 F. Supp. 2d at 62 n.2 (citing *Bridges v. Kelly*, 84 F.3d 470, 475 n.7 (D.C. Cir. 1996)).

and Executive Attorney for the Board of Professional Responsibility.  The plaintiff demanded

declaratory relief, a permanent injunction, and damages.  *Ford*, 163 F. Supp. 2d at 58. The Court

dismissed the action on *Younger* abstention grounds.  With regard to the first *Younger* criteria, the

Court reasoned as follows:

> In this case, the state judicial proceeding is also ongoing.  The plaintiff filed
> exceptions to the Bar Counsel's informal admonition to the Board of Professional
> Responsibility, which has yet to render a decision.  Accordingly, the case has yet
> to reach the D.C. Court of Appeals.  When the remaining prongs of the *Younger*
> test are satisfied, "federal courts should refrain from enjoining lawyer disciplinary
> proceedings initiated by state ethics committees if the proceedings are within the
> appellate jurisdiction of the appropriate state Supreme Court."  32A AM. JUR. 2D
> *Federal Courts* § 1303 (1995); *see also Middlesex*, 457 U.S. at 431–32, 102 S. Ct.
> 2515.  The court concludes that there is an ongoing state proceeding that is judicial
> in nature.

*Id.* at 65.

> The Court continued with regard to the second *Younger* criteria:

> Younger's second inquiry centers on whether an important state interest is at stake.
> The Supreme Court has declared that a state's interest in regulating its licensed
> attorneys constitutes one such interest.  *See Middlesex*, 457 U.S. at 434, 102 S. Ct.
> 2515.  "The judiciary as well as the public is dependent upon professionally ethical
> conduct of attorneys and thus has a significant interest in assuring and maintaining
> high standards of conduct of attorneys engaged in practice."  *See id.*  The District
> of Columbia shares that same interest in this case.

*Id.*

> The Court concluded with regard to the third *Younger* criteria:

> [I]n this case, there is no barrier to the D.C. Court of Appeals hearing the plaintiff's
> constitutional claims.  As the Supreme Court emphasized, "[m]inimal respect for
> the state processes, of course, precludes any *presumption* that the state courts will
> not safeguard federal constitutional rights."  Middlesex, 457 U.S. at 431, 102 S. Ct.
> 2515.  District of Columbia case law demonstrates that the D.C. Court of Appeals
> can hear federal claims arising from attorney disciplinary proceedings. . . .
> Moreover, the defendants note that the plaintiff will have an opportunity to raise
> these claims before the D.C. Court of Appeals.

*Id.* at 66.[6]

In addition, in *Yelverton*, the plaintiff was an attorney who filed an action against the Assistant Bar Counsel seeking among other things an injunction that would halt an ongoing disciplinary proceeding before the Board of Professional Responsibility. 997 F. Supp. 2d at 2. This Court granted the defendant's motion to dismiss based on *Younger* abstention, relying on its prior opinion in *Ford*. The Court expressly rejected the plaintiff's arguments that *Younger* abstention did not apply because the Board of Professional Responsibility's Ad Hoc Hearing Committee denied his constitutional claims and because the complaint alleged that the defendant and the Office of Bar Counsel created extraordinary circumstances by acting in bad faith and harassing the plaintiff. The Court reasoned that the plaintiff's lack of success with the constitutional claims he raised before the Ad Hoc Hearing Committee did not mean that the entire disciplinary process lacked the authority to consider the plaintiff's constitutional claims. *Id.* at 5. The Court further reasoned that the plaintiff did not cite to any authority that the conduct he alleged the defendant and Office of Bar Counsel engaged in rose to the level of bad faith, harassment, or extraordinary circumstances that would justify declining to exercise equitable restraint. *Id.* at 6.

Moreover, in *Klayman v. Fox*, No. 18cv1579, 2019 WL 2396538 (D.D.C. June 5, 2019) ("*Klayman I*"), and *Klayman v. Lim*, No. 18cv2209, 2019 WL 2396539 (D.D.C. June 5, 2019) ("*Klayman II*"), this Court dismissed similar actions based in part on the *Younger* abstention doctrine. In *Klayman I*, the *pro se* plaintiff was subject to disciplinary proceedings in the District of Columbia. During the disciplinary proceedings, the plaintiff filed an action in this Court against the D.C. Office of Disciplinary Counsel and other individuals. The plaintiff alleged that the

---

[6] Although the plaintiff in *Ford* also claimed damages under 42 U.S.C. § 1983, the Court dismissed the entire case under *Younger* abstention because the plaintiff sought primarily equitable relief. The Court, therefore, did not reach the merits of the defendants' motion to dismiss for failure to state a claim, their judicial-immunity argument, or their assertion that the Court lacked jurisdiction under the *Rooker-Feldman* doctrine. *Id.* at *67.

defendants were conspiring to disbar him or to force him to retire from the D.C. Bar.  The plaintiff

demanded among other things injunctive relief and damages.  The Court dismissed the plaintiff's

amended complaint on the grounds that *Younger* abstention barred the plaintiff's claims for

injunctive relief.  *Klayman I* at *1.  The Court rejected the plaintiff's argument that *Younger*

abstention did not apply following *Sprint Communications, Inc., v. Jacobs*, 571 U.S. 69, 134 S.

Ct. 584, 187 L. Ed. 2d 505 (2013), concluding that the principle that *Younger* abstention applies

to attorney disciplinary proceedings was expressly reaffirmed in *Sprint Communications*.

*Klayman I* at *7.  The Court also rejected the plaintiff's argument that the bad faith exception to

*Younger* abstention applied, concluding that the plaintiff failed to allege sufficient facts to support

the application of the bad faith exception as follows:

> It bears emphasis, yet again, that the bad-faith exception is a "narrow" one, and
> that, if accepted, Plaintiff's theories would allow the exception to swallow the rule.
> It is not this Court's role to decide whether the disciplinary charges pending against
> Plaintiff are well-founded or whether Plaintiff is likely to ultimately prevail.  The
> question is not whether other state bars have declined to pursue similar charges or
> whether everyone on the ODC team agrees with each decision the office has made.
> The only issue before this Court is whether Plaintiff has alleged specific facts that,
> if accepted as true, plausibly show that the ODC is proceeding without a reasonable
> expectation of success.  Plaintiff has failed to satisfy that burden.

*Id.* at *10 (citation omitted).  *See Klayman II*, 2019 WL 2396539, at *4 (dismissing plaintiff's

claims for injunctive relief and damages as barred by *Younger* abstention for the same reasons as

*Klayman I*).

Although the Court recognized that *Younger* did not necessarily resolve the plaintiff's

claim for damages, the Court dismissed the plaintiff's damages claims on the grounds that the

District of Columbia Office of Disciplinary Counsel was not subject to suit and its employees were

entitled to absolute immunity.  *Id.* at *10–12.

9

Other courts have reached similar results.  *See, e.g.*, *Murphy v. Office of Disciplinary Counsel*, No. 17cv1239, 2019 WL 4752059 (E.D. Pa. Sept. 30, 2019); *Sibley v. Hergenroeder*, No. 2006-1222, 2006 WL 3354137 (D. Md. Nov. 17, 2006); *Stein v. Legal Advert. Comm. Disciplinary Bd.*, 272 F. Supp. 2d 1260 (D.N.M. 2003).

In this action, the Court should also apply *Younger* abstention to dismiss Eisenberg's amended complaint. First, the disciplinary proceedings against Eisenberg constitute ongoing judicial proceedings.  It is undisputed that two complaints have been filed against Eisenberg before West Virginia's Lawyer Disciplinary Board, and that the complaints have been forwarded to Eisenberg for his response.  See ECF No. 13 at 3.  Moreover, Eisenberg demands dismissal of the case in West Virginia.  *See Id.* at 5.  *Middlesex* concluded that New Jersey's attorney disciplinary proceedings constituted ongoing state judicial proceedings, because "[f]rom the very beginning a disciplinary proceeding is judicial in nature, initiated by filing a complaint."  *Middlesex*, 457 U.S. at 433, 102 S. Ct. at 2522.  Here too, the proceedings against Eisenberg in West Virginia constitute ongoing judicial proceedings that Eisenberg is trying to halt inappropriately.

Second, the disciplinary proceedings against Eisenberg are the type of civil enforcement proceedings subject to *Younger* abstention.  In *Middlesex*, the Supreme Court expressly identified state attorney disciplinary proceedings as the type of civil enforcement proceeding that involve vital state interests because disciplinary proceedings bear a close relationship to criminal proceedings. *Middlesex*, 457 U.S. at 432-34, 102 S. Ct. at 2521–22 ("The judiciary as well as the public is dependent upon professionally ethical conduct of attorneys and thus has a significant interest in assuring and maintaining high standards of conduct of attorneys engaged in practice."); *see Klayman I*, 2019 WL 2396538, at *7 (concluding that the principle that *Younger* abstention applies to attorney disciplinary proceedings was expressly reaffirmed in *Sprint Communications*).

Third, the West Virginia disciplinary proceedings and any appeals offer an effective forum for adjudicating the Eisenberg's federal claim under the Supremacy Clause.[7] Out of "[m]inimal respect for the state processes," courts may not "*presume[e]* that the state courts will not safeguard federal constitutional rights." *Middlesex*, 457 U.S. at 431, 102 S. Ct. at 2521. In fact, a state court is *presumed* to offer an adequate forum unless a plaintiff can establish "that state procedural law barred presentation of [his] claims." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14, 107 S. Ct. 1519, 1528, 95 L. Ed. 2d 1(1987) (internal quotations and citation omitted). There is no basis to conclude that the West Virginia Supreme Court of Appeals does not offer an "adequate opportunity" to adjudicate federal claims—something that Court routinely does—much less that those claims would be *barred* in that Court.  *See Scotchel v. Karlin*, No. 2:17cv03353, 2018 WL 1512378, at *3 (S.D. W. Va. Mar. 26, 2018) (granting motion to dismiss where the plaintiff's claims were addressed and ruled against in disciplinary proceedings affirmed by the West Virginia Supreme Court of Appeals), *aff'd sub nom.*, *Schotchel v. Rhodes*, 764 F. App'x 302 (4th Cir. 2019); *Dostert v. Neely*, 537 F. Supp. 912, 918 (S.D. W. Va. 1982) (granting motion to dismiss where plaintiff admitted that he raised all his constitutional objections in disciplinary proceedings before judicial review board and West Virginia Supreme Court of Appeals).

Moreover, Eisenberg has not alleged any hostility whatsoever let alone the required extraordinary circumstances, bad faith, or harassment to create an exception to *Younger* abstention. For example, Eisenberg alleges only that the OLDC ordered Eisenberg to provide a response to the complaints filed with the OLDC against him by October 18, 2019.  ECF No. 13 at 4. Rhodes

---

[7] In addition, Eisenberg may seek review in the Supreme Court if he believes the West Virginia Supreme Court of Appeals has not adequately addressed any Constitutional claims.  See 28 U.S.C. § 1257(a), (b).  Indeed, in *Sperry v. Florida*, 373 U.S. 379, 83 S. Ct. 1322, 10 L. Ed. 2d 428 (1963), which is cited in Eisenberg's amended complaint, that is exactly what the petitioner did.  *Sperry* offers no support for Eisenberg's collateral attack on the disciplinary proceedings filed against him.

asked for Eisenberg's cooperation, invoking West Virginia Rule of Professional Conduct 8.5. *Id.* Pursuant to Rule 8.5, a lawyer not admitted in West Virginia is nonetheless subject to the disciplinary authority in West Virginia if he provides or offers to provide any legal services in West Virginia. In addition, Rule 8.5 provides that a lawyer may be subject to the disciplinary authority of both West Virginia and another jurisdiction for the same conduct. Cipoletti also invoked Rule 8.5 in her communications with Eisenberg. *Id. See State ex rel. York v. W. Va. Office of Disciplinary Counsel*, 231 W. Va. 183, 744 S.E.2d 293, Syl. Pt. 5 (2013) ("Pursuant to Rule 1 of the West Virginia Rules of Lawyer Disciplinary Procedure, the West Virginia Rules of Professional Conduct govern the conduct of an attorney who practices law in this state or provides or offers to provide legal services in this state, even where such attorney's practice consists entirely of federal matters. In such circumstances, the West Virginia Office of Disciplinary Counsel and the West Virginia Lawyer Disciplinary Board have jurisdiction to investigate the alleged misconduct and recommend disciplinary action against the attorney regardless of whether the attorney is a member of the West Virginia State Bar."). Eisenberg has not sufficiently alleged harassment to meet the exception to *Younger* extension under this Court's precedent. *See Klayman I*, 2019 WL 2396538, at *10 (concluding that plaintiff failed to allege sufficient facts to support application of bad faith exception to *Younger* because "if accepted, Plaintiff's theories would allow the exception to swallow the rule"); *Yelverton*, 997 F. Supp. 2d at 6 (concluding upon review of allegations that disciplinary counsel harassed the plaintiff and pressured a client to file a complaint with the D.C. Bar that the plaintiff did "not cite any authority that the conduct he alleges . . . rises to the level of bad faith, harassment, or extraordinary circumstances that would justify declining to exercise equitable restraint").

To the extent Eisenberg may be attempting to establish civil liability against Defendants for intentional infliction of emotional distress, the amended complaint should be dismissed because similar to *Ford*, Eisenberg seeks primarily equitable relief. In fact, although the amended complaint alleges that Defendants may be civilly liable to Eisenberg, he does not adequately state the elements of a claim or allege any facts to support a claim against Defendants. Perhaps most importantly for purposes of this motion, Eisenberg does not even demand monetary damages in his amended complaint. Therefore, as in *Ford* the entire amended complaint should be dismissed under *Younger* abstention because Eisenberg seeks equitable relief.

Finally, assuming Eisenberg demands monetary damages in his amended complaint – which he does not – similar to *Klayman I* and *Klayman II* the OLDC is not subject to suit and Cipoletti and Rhodes are entitled to absolute immunity. The OLDC was established by the West Virginia Supreme Court of Appeals for the purpose of aiding the Court in investigating and prosecuting ethical violations claims. W. Va. R. Lawyer Disc. P. 4. OLDC and its employees are absolutely immune from civil suit in the same manner as members of the judiciary in West Virginia for any conduct in the course of their official duties. W. Va. R. Lawyer Disc. P. 2.7. *See Grondin v. Wood Co. Prosecutors Office*, No. 6:13cv11095, 2014 WL 794257, at *13–14 (S.D. W. Va. Feb. 27, 2014) (OLDC immune from suit); *Ward v. Plymale*, No. 3:12cv06186, 2013 WL 6164277, at *18–19 (S.D. W. Va. Nov. 25, 2013) (OLDC immune from suit under Eleventh Amendment).

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request the Court to grant their motion and enter an Order dismissing Plaintiff's amended complaint and the entire action with prejudice.

Dated this 16th day of December 2019.

> */s/  Amy M. Smith*
> Amy M. Smith (DC Bar #421379)
> amy.smith@steptoe-johnson.com
> Steptoe & Johnson PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV  26330
> (304) 933-8000
>
> *Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 16th day of December 2019, I electronically filed the foregoing "Memorandum in Support of Defendants' Motion to Dismiss Amended Complaint" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following CM/ECF participant:

> Michael D.J. Eisenberg, *Pro Se*
> Law Office of Michael D.J. Eisenberg
> 700 12th Street, N.W., Suite 700
> Washington, DC  20005
> O: (202) 558-6371 F: (202) 403-3430
> E-Mail: Michael@Eisenberg-Lawoffice.com

> <u>*/s/  Amy M. Smith*</u>
> Amy M. Smith (DC Bar #421379)

10629187.1