IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D.J. EISENBERG, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) Civil Action No. 1:19-cv-03006-ABJ |
| v. | ) <br> ) <br> ) |
| OLDC, et al | ) <br> ) <br> ) |
| Respondents. | ) <br> ) |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Petitioner Michael D.J. Eisenberg respectfully submits this Motion for Leave to File his Second Amended Complaint.[1]  Counsel for the Respondents has been contacted and advised that they oppose this Motion and will file a Response.

## LEGAL STANDARD

FRCP 15 governs the amending of complaints. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

"The court should freely give leave [to amend] when justice so requires." *Id*.; see also *Wildearth Guardians*, 592 F. Supp. 2d at 23 ("The decision whether to grant leave to amend or supplement a complaint is within the discretion of the district court, but leave 'should be freely given unless there is good reason . . . to the contrary'" (quoting *Willoughby v. Potomac Elec.*

---

[1] Per Local Rules 15.1, Petitioner's proposed Second Amended Complaint is attached as Exhibit 1 to this motion, and a blackline comparison of the Second Amended Complaint to Plaintiffs' first Amended Complaint is attached as Exhibit 2.  Note:  The comparison document was highlighted with substantive changes.  Minor grammatical corrections and renumbering was not compared.

*Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996)). "[T]he nonmovant bears the burden of persuasion that a motion to amend should be denied," and absent a "sufficient reason," "it is an abuse of . . . discretion to deny a motion to amend." *Nichols v. Greater Se. Cmty. Hosp.*, No. 03-cv-2081 (JDB), 2005 WL 975643, at *1 (D.D.C. Apr. 22, 2005). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Armstrong v. Bush*, 807 F. Supp. 816, 818-19 (D.D.C. 1992) (Rule 15 "has been liberally construed to allow amendments in the absence of undue delay or undue prejudice to the opposing party").

## **DISCUSSION**

Respondents bears the burden of persuasion that this motion should be denied, and it is a burden that Respondents will fail to meet because no sufficient reason to deny leave is present here. Petitioner's original complaint was filed in October of 2019, about four months prior to the filing of this motion.  This four-month period is far from sufficient to constitute an undue delay on its own. *See United States v. Honeywell Int'l, Inc.*, 318 F.R.D. 202, 206 (D.D.C. 2016) (granting leave to amend eight years after the initial complaint was filed, well after the start of discovery.); *Does v. District of Columbia*, 815 F.Supp.2d 208, 214 (D.D.C.2011) (granting leave to amend seven years after the initial complaint was filed, well after the start of discovery.); *Adair v. Johnson*, 216 F.R.D. 183, 188-89 (D.D.C.2003) (granting leave to amend three years after the initial complaint was filed). Furthermore, even if more time had passed between the initial complaint and the filing of this motion, "a court should not deny leave to amend based

solely on time elapsed between the filing of the complaint and the request for leave to amend." *Adair*, 216 F.R.D. at 186 (citing *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C.Cir.1996)). Instead, "any delay in seeking leave must be accompanied by a showing of bad faith or prejudice." *Council on American–Islamic Relations Action Network, Inc. v. Gaubatz*, 891 F.Supp.2d 13, 26–27 (D.D.C.2012).

No such prejudice exists in this case. Petitioner is not adding any new allegation to which Respondents would require notice. Petitioner is simply clarifying the arguments he has been making this entire time, namely that Respondents have no jurisdiction over Petitioner, that Respondents are violating the Constitution and Federal laws:  Art. I §10, Art. IV § 1, Art. VI and Amendment Fourteen of the U.S. Constitution and U.S. laws 42 U.S.C. § 1983 and 18 U.S.C. § 241 by attempting to regulate something, i.e., the ability to work and contract in the federal agency arena, that is under the sole purview of Congress, and that Respondents are interfering with Petitioner's Constitutional right to contract and travel freely between states. Respondents' are abusing their police power and power under the Fourteenth Amendment and 42 U.S.C. § 1983 both in their individual capacity and collectively; the latter is a conspiracy to deprive Petitioner of his Constitutional rights under 18 U.S.C. § 241.

The parties have not yet initiated discovery. This case has just begun and any argument that Respondents could be suffering from prejudice from such a minor delay so early in the course of litigation is simply unfounded. *See Connecticut  v. U.S. Dep't of Interior*, 363 F. Supp. 3d 45, 54 (D.D.C. 2019) ("Defendants fail to show that they will be prejudiced by Plaintiffs' alleged untimeliness. Nor could they. This case is in its infancy.").

Finally, any allegation that this minor delay is the result of bad faith on the part of Petitioner is similarly unfounded. Petitioner is a solo practitioner representing himself *pro se*. He

lacks the resources and expertise available to the State of West Virginia. Petitioner has little experience in this particular area of law e.g., *Younger* Abstention Doctrine, which is far different than the area in which Petitioner is accustomed to practicing, Veterans Benefits, Military Law and Federal Employee Employment Law. This is especially true relative to Respondent, who specializes in this subject matter. To deny leave to amend to a *pro se* petitioner risks manifest injustice. *See Haynes v. United States*, 237 F.Supp.3d 816, 820 (C.D. Ill.), *appeal dismissed*, 873 F.3d 954 (7th Cir. 2017).

As a matter of justice, this Motion Should be Granted.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Petitioner leave to file their proposed Second Amended Complaint.

Respectfully Submitted,
/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
Law Office of Michael D.J. Eisenberg
Counsel for Plaintiff
700 12th Street, NW, Suite 700
Washington, DC 20005
O: (202) 558-6371/F: (202) 403-3430
michael@eisenberg-lawoffice.com