IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D.J. EISENBERG, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:19-cv-03006-ABJ |
| WEST VIRGINIA OFFICE OF DISCIPLINARY COUNSEL, et al. | ) |
| Respondents. | ) |

**PETITIONER'S MOTION FOR LEAVE TO FILE SURREPLY**

Petitioner moves for leave to submit a Surreply in response to arguments and factual claims made by Respondents in Defendants' Motion to Dismiss Amended Complaint.

Granting or denying leave to file a Surreply is within the discretion of this Court. *See American Forest & Paper Ass'n, Inc. v. U.S. Environ. Protection Agency*, No. 93-cv-0694 (RMU), 1996 WL 509601, *3 (D.D.C. 1996) (granting leave). And "[t]he standard for granting a leave to file a Surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001). In Defendants' Motion to Dismiss Amended Complaint, Respondents appear to raise new case law purporting the courts routinely allow bar associations to monitor out-of-state attorneys whose sole connection to the state is their appearance before a federal agency. None of Respondents' cases appear to actually support this premise. Respondents' cases all appear to require other criteria, e.g., membership of their state bar association or membership in a federal court in their state, to anchor the respective attorney to its

state to then be able to regulate counsel by its bar association.  Second, the alarm Respondents' attempt to sound that all "… lawyers who receive notice of a disciplinary investigation could easily circumvent *Younger* by filing a federal action before the grievance committee received the matter, causing many state proceedings involving attorney conduct to become federal cases" is false; this is a clear exception to their "concern" since this matter does not apply to attorneys who continuously maintain contacts in their state, maintain an office in their state, have a membership in their bar association or have a membership in the federal courts within their state.[1]

Any concern that Respondents have that Petitioner has not identified which federal agency or agencies he appears before is also not relevant – never have the Respondents disputed that he only practices before federal agencies in its state and as a matter of public record, the specific agencies he appears before are identified.[2,3]  Respondents also appear to concede that Petitioner has no procedural due process rights **before starting** and **during** its "investigatory process."[4]  There appears to be many new and supporting case law, facts and arguments raised by the Respondents (not all mentioned in this Motion) that require Petitioner to address in a Surreply.

---

[1] Likewise the Respondents' position that Petitioner "… has not cited to a single case where the district court has denied a motion to dismiss based on the *Younger* abstention doctrine and allowed a collateral attack on ongoing state disciplinary proceedings, let alone on the jurisdictional basis he asserts" is contravened by Respondents' own apparent failure to provide a case where federal court intervention was not permitted because the state bar association never had jurisdiction due to the supremacy clause and its own lack of jurisdiction to anchor an attorney to it.

[2] See http://www.eisenberg-lawoffice.com/federal-employment-issues and http://www.eisenberg-lawoffice.com/veterans-appeals (last viewed on February 8, 2020).

[3] Petitioner appeared before the U.S. Equal Employment Opportunity Commission, U.S. Merit Systems Protection Board, whistleblower offices within the federal government and the U.S. Department of Labor as it relates to the underlying matter.

[4] Respondents' apparent attack on Petitioner's character for not participating in its bar complaint process in order to *later* find out if his arguments hold up is weak [it is perplexing that a state bar association hired outside counsel, let alone a known regional/nationwide firm to handle some outside attorney contesting jurisdiction?].  Jurisdiction is a pillar for any government action under the U.S. Constitution.  If, as argued by Petitioner, Respondents do not have jurisdiction to act to begin with, their action ends from the very start [and as there is no procedural process during the Respondents' "investigation," Petitioner is well within his rights to raise this Constitutional concern here.

This Court's allowance of a Surreply will ensure that resolution of Defendants' Motion to Dismiss Amended Complaint is based on a complete presentation of both parties' arguments. Before filing this motion, Petitioner exercised due diligence in conferring with Respondents, who expressed opposition.

Petitioner respectfully requests leave to file a Surreply within 10 days of the entry of her order.

Dated: February 9, 2020.

                                                          Respectfully submitted,

                                                          /s/ Michael D.J. Eisenberg
                                                          Michael D.J. Eisenberg
                                                          *Pro Se*
                                                          D.C. Bar No. 4686251
                                                          Law Office of Michael D.J. Eisenberg
                                                          700 12th Street, N.W., Suite 700
                                                          Washington, DC 20005
                                                          O: (202) 558 - 6371
                                                          F: (202) 403 - 3430
                                                          E-mail: Michael@Eisenberg-Lawoffice.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D.J. EISENBERG, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:19-cv-03006-ABJ |
| WEST VIRGINIA OFFICE OF DISCIPLINARY COUNSEL, et al. | ) |
| Respondents. | ) |

## PROPOSED ORDER

This matter is before the Court on Petitioner's Motion for Leave to File Surreply. Upon consideration of the parties' submissions, it is **ORDERED** that the Petitioner's Motion for Leave to File Surreply is **GRANTED.** Petitioner's Surreply must be filed within 10 days of this order.

_____

AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE

_____

Date