## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL D.J. EISENBERG, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:19-cv-03006-ABJ |
| | ) | |
| v. | ) | Dated: February 21, 2020 |
| | ) | |
| WEST VIRGINIA OFFICE OF | ) | |
| DISCIPLINARY COUNSEL, | ) | |
| et al. | ) | |
| | ) | |
| Respondents. | ) | |

## PETITIONER'S SURREPLY

Respondents' Reply Brief provides new case law, facts and arguments not previously presented before this Court that Petitioner did not have a prior opportunity to address.[1]

NONE OF THE (NEW) CASES PROVIDED BY RESPONDENTS SUPPORT ANY PREMISE THAT A BAR ASSOCIATION CAN REGULATE/INVESTIGATE AN ATTORNEY WHERE HIS/HER APPEARANCE BEFORE A FEDERAL AGENCY LOCATED WIHTIN ITS STATE IS THE SOLE CONTACT WITH THAT STATE.

1)    *Respondents Do Not Have Jurisdiction to Conduct Disciplinary Proceedings Against Him.*

Respondents' *newly presented* case law appears only to be brought forth in attempt to obscure the simple fact that it never had jurisdiction over Petitioner in its wayward action. First, Respondents' new case law provide that it can regulate attorneys who appear before a federal agency. This is true. But for it then to conclude that the courts allow bar associations to monitor out-of-state attorneys whose sole connection to the state is their appearance before a federal agency is baseless. None of Respondents' cases actually support this premise. Respondents'

---

[1] Given the Ordered page limitation, Petitioner will not be able to address every case newly added in Respondents' Reply Brief. Note, this brief is substantively five pages (not including the case caption and signature line).

cases all require other criteria, e.g., membership in their state bar association or membership in a federal court in their state, to anchor the respective attorney to its state to regulate them.

In Gadda v. Ashcroft, 377 F.3d 934, Gadda was both a member of the California Bar and a member of some of the federal courts within its state (ninth district). His disbarment before both state and federal judiciaries, again Gadda was a member of both, led to his disbarment before the BIA. He argued that the jurisdictional bodies could not discipline him because he was only practicing before a federal agency. *Id*. at 939. The court disagreed as Gadda was a member of both judicial bars and that membership game them every right to discipline him for his activities as an attorney in or out of the bar associations.[2] *Gadda* and all of the cases cited by Respondents have absolutely no bearing *sub judice*: Mr. Eisenberg is not a member of the WV Bar or a member of the federal courts in WV (nor have the Respondents shown that he maintains routine contacts with the state or maintains a place of business within its state borders). [3]

In Gillette v. Edison, 593 F. Supp. 2d 1063, Gillette was similarly situated to Gadda. Gillette was a member of the state bar in question. Although he did not argue that his practice

---

[2] The Supreme Court of the United States has long recognized that the several states have an important interest in regulating the conduct of the **attorneys whom they license**. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 434, (1982); *see also Theard,* 354 U.S. 278, 281, (1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over their officers."); *cf. Matter of Abrams,* 521 F.2d 1094, 1101 (3rd Cir. 1975) (recognizing the "absolute and unfettered power" of the federal courts to admit and discipline members of its bar independently and separately from admission and disciplinary procedures of the state courts).
Gadda at 944

[3] Respondents assert that since Petitioner has not proffered which Federal Agencies he practices before in this state, this Court should give him no credence that he actually does. This is disingenuous – it need look no further than the documents it moved to file and actually filed under seal. See Ex A at 9-11, 15, 19, 26, 27, 51, 52, 58, et seq, and Ex. 1S at 1 and 2S at 1. While this detail has been readdressed here, *supra*., and can be readdressed in an amended complaint (e.g., update the pending amended complaint) if necessary, Respondents have failed to provide one scintilla of fact showing Mr. Eisenberg is a member of its state bar, member of any federal court within its state, has a business in its state or routine contacts to its state. BECAUSE IT CANNOT!
In the underlying matter, Petitioner appeared before the U.S. Equal Employment Opportunity Commission, U.S. Merit Systems Protection Board, whistleblower offices within the federal government and the U.S. Department of Labor as it relates to the underlying matter.
Note also Petitioner's webpages: http://www.eisenberg-lawoffice.com/federal-employment-issues and http://www.eisenberglawoffice.com/veterans-appeals (last viewed on Feb. 8, 2020).

was solely before a federal agency, he instead argued that his activities were solely before an

Indian nation[4] within the state. Although this Indian nation is not part of the legal (versus

physical) jurisdiction of the state, the court did find that since he was a member of the state bar in

question, the state bar could discipline him for his activities as a licensed attorney of that state.

Petitioner is not a member of the WV State Bar, a Member before any federal court in WV, a

tribal court within WV, does not have an office in WV and does not maintain an office in WV.[5]

Last, Respondents bring forth the unreported case *Ziankovich v. Large*, No. 17-cv-02039,

2019 WL 4640803, at *6 (D. Colo. May 31, 2019). Although not a member of the regulating bar

in question, the attorney was *practicing* in the federal court within this state. Not the situation *sub*

*judice*. Again, not to sound pedantic, Petitioner is not a member of the WV State Bar, a member

before any federal court in WV, does not have an office in WV and does not maintain an office

in WV.[6]

Respondents cannot cite to a single case that proffers the ability of state to regulate an

attorneys whose sole connection is work before a federal agency with no anchor to the state

itself, e.g., a member of the state bar, admitted before any federal court in in that state, has an

office in that state or maintains an office in that state. Respondents provided only additional

superfluous cases to this Court in order to obscure the simple fact that the WV Bar never had

jurisdiction over Petitioner.

*2)      None of the criteria for and all of the exceptions for Younger Abstention Apply – Petitioner
did not avail himself to WV jurisdiction.*

---

[4] Indian nations are "domestic dependent nations" subject to federal law. Wikipedia Article, Native Americans in the
United States, https://en.wikipedia.org/wiki/Native_Americans_in_the_United_States, last viewed Feb. 21, 2020.
[5] See fn 3, *supra*.
[6] See fn 3, *supra*.

The alarm Respondents attempt to sound that all "… lawyers who receive notice of a disciplinary investigation could easily circumvent *Younger* by filing a federal action before the grievance committee received the matter, causing many state proceedings involving attorney conduct to become federal cases" is false. This matter is not of their "concern". This matter does not apply to attorneys who continuously maintain contacts in their state, maintain an office in their state, have a membership in their bar association or have a membership in the federal courts within their state.[7] Mr. Eisenberg falls in none of these categories. He is not trying to side-step the state's jurisdiction in these four areas. He is seeking relief from this Court from a state government that has absolutely no ability to regulate his sole connection to a state which is his work before a residing federal agency.[8]

Respondents introduce two cases hoping to persuade the Court that because the Younger Abstention doctrine applied in these cases, it should too apply here. In the unreported case of *Mason v. Florida Bar*, No. 6:05-cv-627, 2005 WL 3747383 (M.D. Fla. Dec. 16, 2005), Mason, a

---

[7] Likewise the Respondents' position that Petitioner "… has not cited to a single case where the district court has denied a motion to dismiss based on the *Younger* abstention doctrine and allowed a collateral attack on ongoing state disciplinary proceedings, let alone on the jurisdictional basis he asserts" is contravened by Respondents' own apparent failure to provide a case where federal court intervention was not permitted because the state bar association never had jurisdiction due to the supremacy clause and its own lack of jurisdiction to anchor an attorney to its jurisdiction. To use Respondents' own words, it appears that no state bar association has acted so bold, brazen or in a bizarre fashion! The record appears void of non-state-connected, e.g., not a member of the state bar, admitted before any federal court in in that state, does not have an office in that state and does not maintain an office in that state, federal employee union representatives, JAG officers, Department of Veterans representatives and attorneys, *inter alia* having been subjected to this kind of bold, brazen and outright bizarre jurisdictional reach by an out-of-control state bar.

[8] Unless there is some exception that Petitioner is unaware of, members of the Judge Advocate Generals Corps, i.e., attorneys practicing military law on a military base, who are not members of the bar association for the state where the base is located are not subject to that state bar's regulatory scheme. The same can be said for Veterans' Representatives, which can include attorneys, who appear before a VA Regional Office or a representative for a federal employee before an EEOC or MSPB or OWCP matter being handled through an Agency Office located in that state.

Florida Bar member, availed himself to the entire bar investigation process by being a member of

that state bar[9]:

> As in *Middlesex*, the Florida Constitution vests jurisdiction over the regulation of
> attorneys in the Florida Supreme Court. The Florida Bar is an official arm of the
> Florida Supreme Court charged with the responsibility of maintaining the ethical
> standards among its members and disciplining its members. In fulfilling its
> responsibilities in this regard, the Florida Bar acts at all times under the exclusive
> jurisdiction, supervision and control of the Florida Supreme Court.

Mason v. Florida Bar, 2005 U.S. Dist. LEXIS 40029, *8-9 (internal citations omitted).

WV State Law may vest jurisdiction over the regulation of attorneys in the WV Supreme

Court and its Rule 8.5 may allow it to regulate its attorneys. But, it does not create a federal right

to regulate individuals who are not barred in either state or federal courts in WV, do not maintain

an office in WV or make routine contacts in its state. Mr. Eisenberg is not a member of the WV

State Bar; he availed himself to no part of the WV Bar jurisdiction. He is not subject to this

process. Respondents also appear to concede that Petitioner has no procedural due process rights

**before starting** and **during** its "investigatory process."[10]

The start of the WV Bar investigation does not provide an individual not of its

jurisdiction due process to contest the start of an investigation. Respondents' unsubstantiated

claim (void of any documentation in the record) that their investigatory panel "reviewed" this

matter and found the jurisdiction unpersuasive is flawed. There is no notice of due process of this

"stage", no right to appeal to or to appear before this alleged Panel. Further, to say Petitioner can

---

[9] Similarly, *Scotchel v. Karlin*, No. 2:17cv03353, 2018 WL 1512378, at *3 (S.D. W. Va. Mar. 26, 2018), the
aggrieved attorney was a member of the state bar in question.

[10] Respondents' apparent attack on Petitioner's character for not participating in its bar complaint process in order to
*later* find out if his arguments hold up is weak [it is perplexing that a state bar association hired outside counsel, let
alone a known regional/nationwide firm to handle some outside attorney contesting jurisdiction?]. Jurisdiction is a
pillar for any government action under the U.S. Constitution. If, as argued by Petitioner, Respondents do not have
jurisdiction to act to begin with, their action ends from the very start [and as there is no procedural process during
the Respondents' "investigation," Petitioner is well within his rights to raise this Constitutional concern here].

obtain relief later before the WV Superior Court is disingenuous. The WV Bar is the *official arm of the* WV Supreme Court *charged with the responsibility of maintaining the ethical standards among **its** members and disciplining members*. There is no reason for Petitioner to believe that WV Bar's efforts to act outside its authority and jurisdiction is not sanctioned by the WV Supreme Court; thus, if we are to follow Respondents' logic, resolution on this federal jurisdiction issue will not be achieved until he petitions the U.S. Supreme Court. And, as discussed in Petitioner's briefs, the harm to him will already have been made.

The clear violation of the U.S. Constitution cannot be ignored. Its state Rule 8.5 may indeed give it power to regulate lawyers who practice in its state agencies, state court and federal court located within it. But, this state rule does not create state jurisdiction where none existed!

Respectfully submitted,
/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
Pro Se
D.C. Bar No. 4686251
Law Office of Michael D.J. Eisenberg
700 12th Street, N.W., Suite 700
Washington, DC 20005
O: (202) 558 - 6371
F: (202) 403 - 3430
E-mail: Michael@Eisenberg-Lawoffice.com